ELECTRONICALLY
FILED
Oct 12 2017
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBORAH L. HARPER,

    Plaintiff,

vs.                                    CASE NO. 5:17-CV-156 (Stamp)

HILER BUFFALO, LLC,

    Defendant.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
WEST VIRGINIA AT WHEELING:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant hereby removes this civil action from the Circuit Court of Hancock County, West Virginia and to the United State District Court for the Northern District of West Virginia. In support of this notice of removal, the defendants state that this Court has ancillary and/or supplemental jurisdiction over this action and pleads as follows:

1. On or about August 27, 2016, Plaintiff filed a Complaint, Civil Action Number 16-C-101, in the Circuit Court of Hancock County, West Virginia.

2. In her Complaint, plaintiff generally alleges that she was injured due to the negligence of the defendant in failing to maintain, inspect, and/or repair the premises and staircase railing located at 323 Carolina Avenue, Chester, West Virginia.

3. As a result of these alleged injuries plaintiff seeks compensatory and other damages.

4. On or about January 27, 2017, plaintiff filed a Complaint, Case Number 5:17-CV-12, in the United States District Court for the Northern District of West Virginia.

5. This second complaint filed by plaintiff is substantively the same and virtually identical in its claims. Under this second Complaint, plaintiff alleges that the United States as a lessee of the premises where the alleged fall occurred is liable for any injuries and damages suffered by the plaintiff.

6. The damages sought in both actions are identical and are alleged to be the result of the same injury claimed in both actions.

7. This Court has original jurisdiction of the claims against the United States pursuant to 28 U.S.C. § 1346.

8. This Court possesses "ancillary jurisdiction" and/or supplemental jurisdiction over the claims asserted by the plaintiff in the state court matter.

9. It has been held that

> Despite the limited jurisdiction of federal courts, the Supreme Court of the United States has recognized that federal courts do possess ancillary jurisdiction ... over some matters (otherwise beyond their competence) that are incidental to other matters properly before them. Kokkonen held that federal courts may invoke the doctrine of ancillary jurisdiction where necessary to permit disposition by a single court of claims that are ... factually interdependent, and to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees.

United States v. Hines, No. 1:97CR4-05, 2017 WL 3446287, at *1 (N.D.W. Va. Aug. 10, 2017) *internal citations omitted,* citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378-80 (1994).

10. The claims of the plaintiff against Hiler Buffalo, Inc., originally filed in the state court action are incidental to, factually interdependent upon and inextricably

intertwined with the claims asserted against the United States. Therefore, ancillary jurisdiction is proper.

11. Additionally, 28 U.S.C.A. § 1367 provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

12. The claims asserted in both the state and federal action form the same case and controversy. The facts and circumstances of both cases are identical and the determinations of fact and law required are the same.

13. Therefore, this Court also has jurisdiction of this matter under the doctrine of supplemental jurisdiction.

14. The plaintiff agrees to this Notice of Removal as is shown by the Stipulation regarding removal which is attached hereto and made a part hereto as *Exhibit A*.

15. A copy of the Notice of Filing Notice of Removal has been filed in the Circuit Court of Hancock County and is attached hereto as *Exhibit B*.

16. A copy of the Hancock County Docket Sheet and pleadings are attached hereto as *Exhibit C*.

**WHEREFORE**, the defendant hereby removes this action from Circuit Court of Hancock County, West Virginia to the United States District Court for the Northern District of West Virginia.

                                                 **HILER BUFFALO, LLC**

                                                 By Counsel

_____
David L. Wyant, Esq.
BAILEY & WYANT, PLLC
1219 Chapline Street
Wheeling, WV 26003
Telephone: 304-233-3100
Facsimile: 304-233-0201

4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DEBORAH L. HARPER,

    Plaintiff,

vs.                              CASE NO.   5:17-CV-156 (Stamp)

HILER BUFFALO, LLC,

    Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was had upon the following via the Court's electronic filing system (CM/ECF) this __ day of September, 2017:

James G. Connolly, Esquire
3071 Pennsylvania Avenue, Suite B
Weirton, WV 26062
(304) 723-4442
jamesgconnollylaw@gmail.com

 

_____
David L. Wyant, Esq.
(#4149)

5